ESSA CONNOLLY, Respondent, *v.* FRED L. NEWTON, Appellant, Impleaded with Another.

*Dower — parties defendant in an action for its admeasurement — complaint demurrable — Code of Civil Procedure,* § 1597.

The effect of section 1597 of the Code of Civil Procedure, relative to the proper parties in an action for the recovery of dower, is to prevent such an action being brought except against a person who comes within one of the categories stated in that section — either an occupant or one exercising acts of ownership or claiming title to the premises.

A complaint in an action brought in ejectment for the recovery of dower, in which the doweress alleges, among other things, that her husband had executed a deed of the premises to one of the defendants, and that she had not joined in the conveyance, but which fails to allege that the defendant was either an actual occupant or a person exercising acts of ownership, or one claiming a title or interest in the premises at the time of the commencement of the action, is demurrable.

APPEAL by the defendant, Fred L. Newton, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Allegany on the 4th day of October, 1894, upon the decision of the court, rendered after a trial at the Allegany Special Term, overruling the defendant's demurrer to the complaint.

*J. R. Jewell,* for the appellant.

*W. H. Nourse,* for the respondent.

DWIGHT, P. J. :

The action was ejectment for dower in lands of which the plaintiff's husband died seized. The demurrer was for want of facts in the complaint sufficient to constitute a cause of action. The facts stated were coverture, seizin of the husband during coverture and death of the husband; also, that in his lifetime the husband " executed a deed of the above-described premises to the defendant Fred L. Newton, the plaintiff, his wife not joining in such conveyance," and that she had " in no way confirmed said conveyance or released her dower in said premises."

The existing statute which gives and regulates the action for dower (Code Civ. Proc. § 1597) provides that " where the property, in which dower is claimed, is actually occupied, the occupant thereof must be made defendant in the action. Where it is not so occupied the action must be brought against some person exercising acts of ownership thereupon, or claiming title thereto, or an interest therein, at the time of the commencement of the action."

This, we take it, is equivalent to saying that the defendant in such an action must be shown to be within one of the categories described, *i. e.,* that he is either an occupant of the premises, or, if the premises were not occupied, then a person exercising acts of ownership thereupon or claiming title thereto or an interest therein when the action was commenced; and if such fact must be shown it must be alleged. It is equivalent, we suppose, to saying that the action can be maintained only against a person or persons who are within the description of the statute. And if such is the case, then the complaint must allege the facts accordingly. In this case the complaint does not state whether the property is actually occupied or not, nor that the defendant is an occupant thereof, or is a person exercising acts of ownership thereupon, or that he claims title thereto or an interest therein. The only allegation in respect to the defendant is that the plaintiff's husband in his lifetime executed a deed of the premises to him. It is not even alleged that the deed was ever delivered to him, nor that he took possession of the premises or ever claimed title thereto or an interest therein. So far

as appears by the complaint the defendant may have been, not merely at the time of the commencement of the action, but at all times, a total stranger to the title and to the premises.

We think the demurrer well taken and should have been allowed.

LEWIS and BRADLEY, JJ., concurred.

Interlocutory judgment reversed and demurrer sustained, with costs, with leave to plaintiff to amend within twenty days, on payment of the costs of the demurrer and of this appeal.